ATKISON, Defendant in Error, v. AMICK *et al.*, Plaintiffs in Error.

1. In order that a constable may, under section 2 of article 7 of the act to provide for the organization, support and government of common schools, (Sess. Acts, 1853, p. 159, and R. C. 1855, p. 1439,) lawfully levy upon a delinquent's goods and chattels, he must first demand the payment of the assessment.

Atkison v. Amick.

*Error to Cooper Court of Common Pleas.*

This was a suit originally commenced before a justice of the peace—from whose court the cause was taken by appeal to the Cooper court of common pleas — against one Amick, a deputy constable, and S. D. Smith, one of the trustees of school district No. 5, to recover damages for an alleged illegal levy upon and sale by said Amick, under a warrant issued by the trustees of said district, of a quantity of oats belonging to plaintiff. Defendant justified the alleged wrongful seizure and sale under said warrant. There was evidence showing that the constable, Stoneman, had not made a demand of the plaintiff of the school tax assessed upon him; and there was no evidence showing that Amick, the deputy constable, had made such a demand. The court rendered judgment in favor of plaintiff against Amick for $21.87.

*Douglass* and *Hayden,* for plaintiff in error.

I. The case is governed by the school law of 1853. The school district was established in 1849. Under the law of 1853 it remained as thus established. (See Sess. Acts, 1853, p. 159; School Law, art. 4, § 1.) There was no irregularity in its organization; but if there had been, it was still a district *de facto,* and its validity can not be questioned in a collateral proceeding. (State v. Rich, 20 Mo. 393; Sayre v. Tompkins, 23 Mo. 443; State v. York, 22 Mo. 462; McNair v. Biddle, 8 Mo. 257; Reed v. The Heirs of Austin, 9 Mo. 722.) The trustees had power to assess the taxes (Sess. Acts, 1853, p. 161), and to issue their warrant, and to renew the warrant.

II. The assessment of the tax against the plaintiff, and the issuing of the warrant to the constable for the collection thereof, and the renewal of the warrant, having all been done according to law, the only remaining question in the case is in regard to the demand mentioned in the second section of art. 7 of the school law of 1853. (Sess. Acts, 1853, p. 162.) If it is necessary for the constable to make this demand be-

fore he is authorized to sell, then, in the absence of any evidence to the contrary, the law will presume that he did make such demand. (1 Greenl. Ev. § 40.) Stoneman, it is true, did not make any demand, but he is not a party to the suit. There is no evidence that Amick did not make a demand. It would be unreasonable to require an officer, in every case, to prove that he had done his duty, and, in many cases, impossible for him to do so. In the absence of proof to the contrary, the law presumes he did his duty, and in this case will presume he made the demand.

III. But the 2d section of art. 7 of the school law of 1853 is merely directory, and therefore a failure to make the demand works no invalidity of the thing done. (1 Kent, Com. 465; Pond v. Negus, 3 Mass. 230; Sprague v. Bailey, 19 Pick. 436; Rector v. Hart, 8 Mo. 448; Whitney et al. v. Emmet et al. 1 Baldw. C. C. 316.)

*Stephens & Vest*, for defendant in error.

I. As the proceedings of the trustees were *ex parte* and summary, the law under which they were had must be strictly pursued; and as they set up that law in this case as a defence to the action of Atkison, it devolves upon them to show that all the pre-requisites of the law were complied with before his property was sold. Although as a general rule it is true that public officers are presumed to have done their duty until the contrary is shown, still such proceedings as this sale—*ex parte*, summary and against common right—are exceptions, and in these it devolves upon the party shielding himself behind them to show that he has pursued the law strictly, and complied with all its requirements. (See Morton v. Reeds, 6 Mo. 64.)

II. Amick had no right to sell any property of Atkison's until after a demand; and as he has failed to show any demand made, but that in fact there was none on the part of the constable of the township of whom he was the deputy, he was then a trespasser in making the sale, and the same was void. Yet if the sale was not *ipso facto* void, still Atkison

is entitled to damages. (Hobein v. Murphy, 20 Mo. 447; Hobein v. Drewell, 20 Mo. 450.)

RYLAND, Judge, delivered the opinion of the court.

The only point in this case necessary for our decision involves the authority of the constable to sell the plaintiff's property. There is nothing in the record except this which requires any notice from this court. So far as regards the organization of the township and district, the election of trustees, and the assessment of taxes, and issuing of the warrant, and the renewal of the same, we pass over without comment, further than to say, in the whole case, so far as these matters are involved, there is nothing demanding any decision of this court on account of errors therein.

The 2d section of article 7 of the "Act to provide for the organization, support and government of common schools in the state of Missouri," approved February 24th, 1853, and which took effect from and after the first day of November, 1853, and the 2d section of art. 7 of the act on the same subject, approved December 12, 1855, (R. C. 1855, p. 1439,) are the same, and as follows: "In case any person refuses to pay his or her liabilities, under the provisions of the act, *upon demand of the constable*, he shall have power to levy on the goods and chattels of such delinquent, and sell the same in the same manner as provided for executions issued by justices of the peace." This section gives the power to the constable to make the levy and to sell, and it is the only one that does give to him the power. Now it is manifest that the legislature did not confer this power to be exercised at the will of the constable; he was authorized, empowered, in case any person refused to pay his liability under this act, *upon demand* of the constable, to levy and sell. He had no power to levy and sell without first demanding the amount assessed and mentioned in his warrant, and the party refusing to pay the liability. This section is not merely directory; it confers power only in certain events. When, therefore, the constable attempts to justify his act of levying and sale under the

warrant of the trustees, he must go further than merely to show his warrant; he must prove that he made the demand contemplated by the statute, and the refusal or neglect of the person liable to pay the amount of his liability, or he fails in his defence. The power of levying and selling a person's property, when given by statute in certain events, or upon a certain state of facts, must be construed strictly; and the officer exercising this power must look to it that the events have happened, or the state of facts exists, otherwise he will be liable. The judgment must be affirmed; Judge Scott concurring.